**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| KRISTINA JONES and KIM MARRS, Individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>CASEY'S GENERAL STORES, INC.,<br><br>        Defendant. | No. C07-4043-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *A. Analytical Framework* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *B. Discussion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        1.    *Venue is proper in either the Southern or Northern District* . . 6
        2.    *Convenience factors* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
            *a.*    *The convenience of the parties* . . . . . . . . . . . . . . . . . . 6
            *b.*    *The convenience of the witnesses* . . . . . . . . . . . . . . . 7
            *c.*    *The accessibility to records and documents* . . . . . . . . . 7
            *d.*    *The place where the conduct complained of occurred* . . 8
            *e.*    *Applicable substantive law* . . . . . . . . . . . . . . . . . . . . 9
        3.    *The interests of justice factors* . . . . . . . . . . . . . . . . . . . . . 10
            *a.*    *The plaintiffs' choice of forum* . . . . . . . . . . . . . . . . . 10
            *b.*    *The comparative costs of litigating in each forum* . . . . 12
            *c.*    *Conflict of law issues and advantage of local court* . . . 13

           *d.*    *Judicial economy* . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
           *e.*    *Other factors* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**III. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## I. INTRODUCTION AND BACKGROUND

### A. Procedural Background

On May 30, 2007, plaintiffs Kristina Jones and Kim Marrs filed their complaint in this case against defendant Casey's General Stores, Inc. ("Casey's") alleging a claim for unpaid overtime compensation under the overtime pay provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiffs allege that defendant Casey's failed to properly pay overtime compensation to the assistant managers of its convenience stores, as required by the FLSA. Defendant Casey's filed its answer on July 17, 2007.

Defendant Casey's has filed a motion to transfer venue, pursuant to 28 U.S.C. § 1404(a). In its motion, defendant Casey's asserts that the court should exercise its discretion and transfer this case from the United States District Court for the Northern District of Iowa ("the Northern District of Iowa") to the United States District Court for the Southern District of Iowa ("the Southern District of Iowa") because such a transfer would be for the convenience of the parties and witnesses and in the interests of justice. Plaintiffs have resisted defendant Casey's motion. Plaintiffs argue that their choice of forum is entitled to considerable deference and that defendant Casey's has not come

2

forward with a sufficient showing that the convenience of the parties, witnesses, and the interests of justice warrant transferring this case to the Southern District of Iowa.

### *B. Factual Background*

For the purpose of defendant Casey's motion only, the court finds the following from the pleadings and the parties' submissions regarding defendant Casey's motion to transfer.

Defendant Casey's General Stores, Inc. is an Iowa corporation with its principal place of business in Ankeny, Iowa. Defendant Casey's operates convenience stores, some through wholly owned subsidiaries, under the name Casey's General Stores in numerous locations across the Midwest, including Iowa, Illinois, Missouri, Minnesota, Indiana, Nebraska, Kansas, and South Dakota. Defendant Casey's corporate headquarters are located in Ankeny, Iowa. Defendant Casey's senior management, as well as its personnel in the payroll and human resources departments, are all located at its headquarters in Ankeny, Iowa.

Plaintiff Kristina Jones is a resident of Iowa and worked as an assistant manager at a Casey's General Store located in the greater Des Moines, Iowa, metropolitan area.[1] Plaintiff Kim Marrs is a resident of Missouri and worked as an assistant manager at Casey's General Stores in LaPlata and Waverly, Missouri.

---

[1] The court notes that the complaint in this case states that plaintiff Jones was employed as an assistant manager at a Casey's General Store in Des Moines, Iowa. Complaint at ¶ 11. Defendant Casey's asserts that plaintiff was not employed as an assistant manager at a Casey's General Store in Des Moines but rather as an assistant manager at a Casey's General Store in Ankeny, Iowa. The court takes judicial notice of the fact that Ankeny is a town directly north of Des Moines and one of the communities that make up the greater Des Moines area.

Plaintiffs allege that "Defendant failed to accurately record the actual hours worked by its assistant managers." Complaint at ¶ 25. The recording of hours worked by an employee at a Casey's General Store is completed at the store where that employee workeds. In the case of plaintiff Jones, the store manager, in Ankeny, Iowa.

Plaintiffs also allege that "Defendant's wage and hour practices and policies are uniform and disseminated by senior management in its corporate headquarters. . ." Complaint at ¶ 26. All witnesses and documents related to defendant Casey's wage and hour practices and policies are located at defendant Casey's headquarters in Ankeny, Iowa.

## II. LEGAL ANALYSIS

### A. Analytical Framework

Title 28 U.S.C. § 1404(a) "governs the ability of a federal district court to transfer a case to another district." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir.), *cert. denied*, 118 S. Ct. 629 (1997). Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Section 1404(a) was designed "as a 'federal housekeeping measure,' allowing for easy change of venue within a unified federal system." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981) (quoting *Van Dusen v. Barrack*, 376 U.S. 612 (1964)).

"In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d at 695 (citing *Jumara*, 55 F.3d at 879; *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).

4

In its *Terra* decision, the Eighth Circuit Court of Appeals recapitulated the following analytical framework to be employed in considering a motion to transfer under § 1404(a):

> The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *Id*. Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors.

*Terra Int'l, Inc.*, 119 F.3d at 691 (citing 28 U.S.C. § 1404(a)). In appraising the first two "convenience," categories, the Eighth Circuit Court of Appeals approved of this court's consideration of the following five factors:

> (1) the convenience of the parties, (2) the convenience of the witnesses--including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Id*. at 696 (citing *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 922 F. Supp. 1334, 1357-61 (N.D. Iowa 1996)).

With respect to the final category, the "interests of justice," the Eighth Circuit Court of Appeals countenanced this court's consideration of the following seven factors:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

5

*Terra Int'l, Inc.*, 119 F.3d at 696 (citing *Terra Int'l, Inc.*, 922 F. Supp. at 1361-63). With these standards in mind, and remembering that all other things being equal, this action should remain where it was filed, the court turns to consideration of defendant Casey's motion.

### B. Discussion

#### 1. Venue is proper in either the Southern or Northern District

Pursuant to statute, Iowa is divided into two judicial districts known as the Southern District of Iowa and the Northern District of Iowa. *See* 28 U.S.C. § 95. There is no dispute that venue of this case is appropriate in either the Southern District of Iowa or the Northern District of Iowa. Venue is proper in either district pursuant to 28 U.S.C. § 1391(b) because defendant Casey's resides in the State of Iowa. Because venue is proper in both the Southern District of Iowa and the Northern District of Iowa, this court has the authority to transfer the action to the Southern District of Iowa pursuant to 28 U.S.C. § 1404(a).

#### 2. Convenience factors

##### a. The convenience of the parties

Plaintiff Jones is a resident of Iowa. Defendant Casey's indicates that its records show that Plaintiff Jones resides in Ankeny, Iowa.[2] Ankeny is located within the Southern District of Iowa. Plaintiff Marrs is a resident of Missouri, which adjoins the United States District Court for the Southern District of Iowa. The court takes judicial notice of the fact that the distance between Des Moines, Iowa, the location of closest United States

---

[2] Plaintiff Jones does not dispute defendant Casey's assertion that she resides in Ankeny, Iowa.

Case 5:07-cv-04043-MWB   Document 63   Filed 08/30/07   Page 6 of 14

Courthouse in the Southern District of Iowa to Ankeny, and Ankeny is 12 miles while the distance between Ankeny and Sioux City, the site of this court, is 208 miles. Thus, as to the plaintiffs, litigating in the Southern District of Iowa will be more convenient than proceeding with this litigation in the Northern District of Iowa. Similarly, defendant Casey's has its headquarters in Ankeny, Iowa. Accordingly, all of defendant Casey's corporate officers and many of its key personnel, as well as its corporate records, are located in the Southern District of Iowa. Consequently, a transfer to the Southern District of Iowa here would not shift the burden of litigating in a foreign forum from defendant Casey's to plaintiffs but would instead be to the convenience of all the parties in this litigation. Therefore, the court concludes that defendant Casey's has demonstrated that the parties' overall convenience would be better served by litigating this claim in the Southern District of Iowa instead of the Northern District of Iowa.

### *b.  The convenience of the witnesses*

Here, defendant Casey's contends that the Southern District of Iowa offers greater convenience for all the witnesses in this case since the vast majority reside in the Southern District of Iowa. Moreover, even with regard to those witnesses to plaintiff Marr's employment in Missouri, the closer proximity of the Southern District of Iowa to their homes makes that forum more convenient. Thus, the court concludes defendant Casey's has demonstrated that the convenience of the witnesses is better served by transferring this case to the Southern District of Iowa.

### *c.  The accessibility to records and documents*

Defendant Casey's further points out that all of its corporate records related to wage and hour practices are located at its corporate headquarters in the Southern District of Iowa. The court recognizes that with the advent of photocopying and other means of document reproduction, the location of documents is no longer entitled to much weight in

7

the transfer of venue analysis, especially where, as here, the parties have the financial capability to complete the necessary copying. *See J.I. Kislak Mortg. Corp. v. Connecticut Bank and Trust Co.*, N.A., 604 F. Supp. 346, 348 (S.D. Fla. 1985) (quoting *American Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 264 (W.D. Mo. 1980); *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 932 (W.D. Mo. 1985). As one district court has correctly observed: "[a]s is the case with witnesses, general allegations that transfer is needed because of books and records are not enough," for "[t]he moving papers must show the location and the importance of the documents in question." *Standard Office Sys. of Fort Smith, Ark. v. Ricoh Corp.*, 742 F. Supp. 534, 538 (W.D. Ark. 1990) (quoting 15 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3853, pp. 278-79 (2d ed. 1987)); *see Munski v. J.R. United Indus., Inc.*, 756 F. Supp. 379, 381 (N.D. Ill. 1991); *Lieb v. American Pac. Int'l, Inc.*, 489 F. Supp. 690, 697 n.10 (E.D. Pa. 1980).

Here, while neither party has informed the court of the specific number or amount of relevant documentary evidence currently situated in the Southern District of Iowa, it is clear that none of the documentary evidence in this case is located in the Northern District of Iowa. Therefore, the court concludes that this factor tips the balance of convenience in favor of transfer to the Southern District of Iowa.

### d. *The place where the conduct complained of occurred*

The next factor which must be considered by the court is the location where the conduct complained of occurred. On this front, defendant Casey's directs the court's attention to plaintiffs' claims that defendant Casey's wage and hour practices and policies are uniform and are disseminated by defendant Casey's senior management in its corporate headquarters. Complaint at ¶ 26. As a result of these claims, and the fact that defendant Casey's corporate headquarters are located in the Southern District of Iowa, defendant

8

Casey's argues that this factor also weighs in favor of transfer. The court concludes that, in this case, the place in which the corporate conduct complained of occurred is exclusively in the Southern District of Iowa. However, as this court explained in *Terra*: "the court finds that place of occurrence alone has little to do with actual convenience of the parties conducting litigation as the result of an event when there is no especial evidentiary significance to the location of the catastrophe and proof of liability." *Terra*, 922 F. Supp. at 1361. Here, the court is unaware of any especial evidentiary significance to the location of defendant Casey's headquarters. Therefore, the court concludes that this factor weighs only marginally in favor of transfer.

### e. *Applicable substantive law*

The court finally turns to the applicability of each forum's substantive law. The court concludes that this convenience factor does not weigh in favor of transfer since both this court and a court in the Southern District will apply the same substantive law in this case.

Thus, the court concludes that the balance of all of these factors does portent that the proposed transferee district is the more convenient forum for the litigation. Because it is defendant Casey's motion to transfer, and Casey's therefore has the burden of proving that transfer is appropriate, in viewing the balance of convenience most favorably to plaintiffs to see if defendant Casey's has met its burden, the court concludes that it has demonstrated a decisive shift in the balance of convenience towards the Southern District of Iowa. Thus, the court concludes that defendant Casey's has thus far met its burden of proving that transfer is appropriate in this case. *See Terra*, 922 F. Supp. at 1362; *Brower v. Flint Ink Corp.*, 865 F. Supp. 564, 568 (N.D. Iowa 1995) (citing *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985). The court must

9

therefore consider other factors listed above in the § 1404(a) analysis to ascertain whether they also favor transfer of this case to the Southern District of Iowa.

### 3. *The interests of justice factors*
#### a. *The plaintiffs' choice of forum*

Here, plaintiffs have chosen to litigate their claims in the Northern District of Iowa even though neither is a resident of this forum. The vast majority of plaintiffs' response opposing defendant Casey's motion to transfer venue is based on plaintiffs' assertion that their choice of forum should be afforded great weight and their corresponding arguments regarding defendant Casey's burden to disturb plaintiffs' selected forum. It is true that courts have given a plaintiff's choice of forum considerable deference. *See Terra*, 119 F.3d at 695 ("federal courts give considerable deference to a plaintiff's choice of forum. . ."); *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995) (plaintiff's choice of forum "is entitled to substantial consideration. . ."); *Scheidt*, 956 F.2d at 965 ("'[u]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed.'") (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)); *Kovatch v. Rockwood Sys. Corp.*, 666 F. Supp. 707, 708 (M.D. Pa. 1986) ("Normally, plaintiff's choice of forum will not be disturbed unless the movant for transfer demonstrates that the balance of convenience and justice weighs heavily in favor of transfer."); *Thermo-Cell Southeast, Inc. v. Technetic Indus., Inc.*, 605 F. Supp. 1122, 1124 (N.D. Ga. 1985) ("plaintiff's choice of forum ordinarily should not be disturbed unless the movant for transfer demonstrates that the balance of convenience and justice weighs heavily in favor of transfer."); *Exide Corp. v. Electro Servs., Inc.*, 596 F. Supp. 1404, 1405 (E.D. Pa. 1984) (It is well-established that plaintiff's choice of forum is a "paramount consideration" and "should not be lightly disturbed.") (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3rd Cir. 1970)). However, while "a plaintiff's

choice of forum should be given weight when deciding whether to grant a motion to change venue, this factor is not dispositive." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998); *see Jumara*, 55 F.3d at 879.

Indeed, a growing number of federal courts have determined that "little or no weight should be accorded to a plaintiff's choice of forum where that forum is neither the plaintiff's home forum nor a forum with any significant connection to the dispute." *Production Group Int'l, Inc. v. Goldman*, 337 F. Supp. 2d 788, 799 (E.D. Va. 2004) (citations omitted); *accord Thornton Drilling Co. v. Stephen Production Co.*, 2006 WL 2583659, at *2 (E.D. Ark. Sept. 6, 2006) (following *Goldman*); *see Kilgus v. Scherling-Plough Corp.*, 2007 WL 2022007, at *3 (W.D.N.C. July 9, 2007) ("However, the 'plaintiff's choice of forum is not entitled to substantial weight if the plaintiff chooses a foreign forum, or the cause of action bears little or no relation to that forum.'") (quoting *U.S. Ship Management, Inc. v. Maersk Line, Ltd.*, 357 F. Supp.2d 924, 936 (E.D. Va. 2005)); *GTE Wireless v. Qualcomm, Inc.*, 71 F. Supp.2d 517, 519 (E.D. Va. 1999) ("When a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight."); *see also American Motorists Ins. Co. v. CTS Corp.*, 356 F. Supp. 2d 583, 587 (W.D.N.C. 2005) (noting that "the deference provided to a plaintiff's choice is proportionate to the relationship between the forum and the cause of action."); *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 589 (E.D. Va. 1992) (holding that when a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not to be accorded substantial weight); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990 (E.D.N.Y. 1991) ("However, where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the

11

same "great weight" and in fact is given reduced significance."); *Board of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256-57 (E.D. Va.1988) (holding that "the weight given to plaintiff's choice of venue varies" according to the significance of the contacts between the venue chosen and the underlying cause of action so that "a plaintiff's choice of his home forum for venue purposes is given greater weight than a plaintiff's choice of a foreign forum." ); *Turner & Newall, P.L.C. v. Canadian Universal Ins*. Co., 652 F. Supp. 1308, 1310 (D.D.C. 1987) (holding that the general presumption against disturbing a plaintiff's choice of forum "loses much of its force when the action has little relationship to the forum chosen.").

In this case, plaintiffs' chosen forum is foreign to both since neither of the plaintiffs are residents of the Northern District of Iowa. Moreover, the cause of action bears little or no relation to this forum since neither plaintiffs' employment with defendant Casey's occurred in the Northern District of Iowa and defendant Casey's headquarters are not located in this district. Accordingly, the court concludes that this factor is entitled to little weight in the transfer calculus.

### b. *The comparative costs of litigating in each forum*

The next factor the court must consider in its transfer calculus is the comparative costs to the parties of litigating in each forum. Defendant Casey's unsurprisingly contends that it will be less expensive for the parties to litigate in the Southern District of Iowa. Although defendant Casey's has not offered the court any estimates as to how much more it would cost to try the case in the Northern District of Iowa, it is clear that since none of the parties or witnesses are residents of the Northern District of Iowa, all the parties would have higher travel costs for its witnesses if they are required to litigate in the Northern District of Iowa. Thus, the court finds this factor weighs in favor of transfer.

12

### c. *Conflict of law issues and advantage of local court*

Here there is no dispute regarding what law applies to what claims. Thus, the court is convinced that it can apply the applicable law in this case as competently as a federal court in the Southern District of Iowa. Therefore, the court finds that these factors do not weigh in favor of transfer.

### d. *Judicial economy*

Defendant Casey's also contends that the judicial economy factor weighs in favor of transferring this matter to the Southern District of Iowa. Defendant Casey's points out that the Southern District of Iowa has more federal district court judges available and that the average number of filings per judge is substantially higher in the Northern District of Iowa. Plaintiffs do not contest defendant Casey's statistics. Therefore, the court concludes that this factor supports transferring this action to the Southern District of Iowa.

### e. *Other factors*

The court sees no difficulty in either party enforcing a favorable judgment on its claims in either federal forum, and thus this factor does not weigh in favor of transfer.

Thus, the court finds that the balance of the interests of justice factors does support transferring this case to the Southern District of Iowa. Therefore, the court concludes that defendant Casey's has met its burden to show that transfer of this case to the Southern District of Iowa is appropriate and its motion to transfer is granted.

## III. CONCLUSION

Upon weighing various factors enumerated in or relevant under the transfer statute, 28 U.S.C. § 1404(a), the court concludes that the balance of these factors support transferring this case to the Southern District of Iowa. Therefore, the court holds that

defendant Casey's has met its burden to show that transfer of this case is appropriate and its motion to transfer is granted.

**IT IS SO ORDERED.**

**DATED** this 30th day of August, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA